STATE NAT. BANK OF MINNEAPOLIS (UNITED STATES v.). See Cases Nos. 16,380 and 16,381.

## Case No. 13,326.

STATEN ISLAND AND NEW YORK FERRY CO. v. The THOMAS HUNT.

[N. Y. Times, June 19, 1862.]

District Court, D. Connecticut.

SALVAGE—STEAMBOAT DISABLED IN NEW YORK BAY—CUSTOM—PRACTICE—LACHES.

[1. Rescuing and taking to a place of safety a steamer caught in the ice in New York Bay on a dark, foggy night, with a broken crank, which disables her for the time being, is a salvage service, but calls only for a small reward.]

[2. An alleged custom of boats running in New York Bay to assist each other in distress free of charge, held not to have been proved.]

[3. An objection to a claim for salvage by the owners of the salving vessel on the ground that their cosalvors, the officers and crew, were not joined in the libel, comes too late at the final hearing, especially when it appears that the claims of the cosalvors are barred by laches.]

[This was a libel for salvage, filed by the Staten Island & New York Ferry Company against the steamboat Thomas Hunt.]

Mr. Williams, for libelants.

Clark & Hale, for claimants.

BY THE COURT. This suit is instituted to recover salvage alleged to have been earned by the libelants' boat, the Southfield, in relieving from distress the Thomas Hunt in New-York Bay, and taking her to a place of safety. The service was rendered on January 19, 1861. The night was dark, somewhat foggy, and considerable quantities of ice were floating in the bay. I have had some doubt whether this was a case of salvage service at all; but I am inclined to the opinion, on the whole, that it was. Capt. Braisted, who was a passenger on the Southfield, testifies to the peril of the Hunt. He is familiar with the navigation of the bay, knew the character of the night, and the situation of the Hunt. She was in the ice, and had broken her crank, by which she was disabled for the time being. The claimants allege a custom among boats of this character running in the bay to assist each other, in case of need, free of charge, and insist that the custom proved covers this case. I think the evidence fails to establish the principle contended for in cases like the one before the court.

It was objected, on the argument for the claimants, that the libel should be dismissed because the cosalvors, the officers and crew of the Southfield, were not joined in the libel. This objection should have been taken at an earlier stage of the proceedings. No inconvenience can now arise to the claimants upon other claims for salvage for this service. All such claims, if any existed, are barred by delay.

It is a case calling for but a small allowance.

Decree for libelants for $100 and costs.

STATE OF.

[NOTE. Cases cited under this title will be found arranged in alphabetical order under the names of the states; e. g. "State of Georgia v. Atkins. See Georgia v. Atkins."]